CORNELIUS KELLIHER *vs.* JOSEPH W. MILLER.

At the trial of a complaint for flowing land, evidence is inadmissible, upon the question of damages, of what amount the respondent paid less than three years before to a witness as damages for flowing his land situated on the other side of the brook, opposite the complainant's land, and on about the same level.

COMPLAINT for flowing land, brought under Gen. Sts. *c.* 149. At the trial in the superior court the complainant introduced evidence tending to show that he was the owner of two contiguous lots of land situated on a small brook in Greenfield; that the respondent erected in 1851, and had since then maintained, across the brook, a milldam which flowed back the water upon those lots of land in times of freshet or high water; and that such flowing had injured the land. There was further testimony tending to show that the land on both sides of the brook was "on about the same level," and that one Nims owned a lot of land on the other side and opposite the complainant's land.

The complainant called Nims as a witness, who testified that within three years before the date of this complaint, his land had been flowed by the respondent's dam. The complainant then proposed to show by the witness, upon the question of damages for the flowing under this complaint, how much the respondent paid to Nims as damages for flowing Nims's land; but *Morton*, J., ruled that the evidence was inadmissible, to which ruling the complainant alleged exceptions.

*C. Delano*, for the complainant, cited *Wyman* v. *Lexington & West Cambridge Railroad Co.* 13 Met. 326; *Davis* v. *Charles River Branch Railroad Co.* 11 Cush. 509; *Boston & Worcester Railroad Co.* v. *Old Colony & Fall River Railroad Co.* 3 Allen, 146.

*D. Aiken*, for the respondent.

FOSTER, J. On the question of damages, evidence of the amount paid by the respondent for flowing other land was inadmissible. How much the complainant's land had been injured

was the question upon trial. The circumstances in the other case may have been very dissimilar, and the amount of damages paid to the other land-owner may have been greater or less than adequate compensation to him. The point has been already adjudged in *Tyler* v. *Mather*, 9 Gray, 183. And in the opinion of the court, it does not fall within the analogy of those cases which permit the value of adjacent and similarly situated parcels of land, as indicated by the prices for which they have sold, to be shown where the question on trial is the value of the estate.

*Exceptions overruled.*